# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE No. 07-30111-WDS |
| JAVON C. JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to suppress evidence and statements (Doc. 17) to which the government has filed a response (Doc. 21) and defendant a reply (Doc. 22). The Court held an evidentiary hearing on the matter and took it under advisement. The defendant asserts that his arrest and seizure were without probable cause or suspicion and therefore in violation of his Fourth Amendment rights, and the items seized as a result of that arrest and his statement made after the arrest should be suppressed.

## BACKGROUND

The defendant is charged by the grand jury in Count 1 with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Count 2 seeks forfeiture of the firearm. The defendant's charges stem from an arrest on July 11, 2006 in East St. Louis.

At the hearing the government presented the testimony of Officer Todd Goldasich, who arrested the defendant on July 11, 2006. Goldaisch testified that on that evening he was part of a task force detail designed to help curb gang related activities, drug trafficking crimes and to gather information about homicides in the Metro East area. He was riding in the passenger's seat with Trooper Scott Boothe driving. They arrived at the Gompers housing project, which is

in the area of Sixth Street and Martin Luther King Drive in East St. Louis, and as they pulled into the parking lot, Goldaisch observed the defendant in the area of the parking lot. Goldaisch testified that it was still light out, due to the time of year. He saw the defendant, who appeared to notice the unmarked police vehicle, throw something down. Goldasich testified that in his experience this often means that the individual had discarded contraband, and he believed that the defendant may have tossed crack cocaine. Goldaisch approached the defendant, asked him if he threw anything down, which the defendant denied. Goldaisch then asked the defendant if he had anything "illegal" in his possession and the defendant said "I have a gun." Goldaisch told the defendant to put his hands on his head, and took a gun from the defendant's waistband. The defendant was taken into custody. Goldaisch searched the area around the defendant, which was littered with trash, but did not locate any contraband or other controlled substances.

Boothe testified that although he saw Goldaisch approach the defendant, he was occupied with other individuals in the area and did not hear any of the conversation between Goldaisch and the defendant. Boothe's report indicated that the defendant voluntarily admitted to having a gun and submitted to a pat-down, but Boothe acknowledged that his information for that part of the report came from Goldaisch, but stated that although he could not hear the conversation, he could see the events unfolding. Once Goldaisch shouted that there was a gun, Boothe came over to assist him. It is standard protocol to assist another officer when a gun is located.

The defendant was taken to the police station, where he was interviewed. The Court has reviewed, as part of its consideration of this motion, the recording of the defendant's interview (Government Ex. #1).[1] During the interview the officers asked the defendant to relay the sequence of events leading up to his arrest. The Court finds persuasive the officers' testimony

---

[1] Government's Ex. #1 was admitted for purposes of this motion to suppress.

that Goldaisch did not touch the defendant until after he volunteered the information that he had a gun. The defendant clearly waived his rights under *Miranda* and has not challenged the admission of his statement on those grounds.

## **DISCUSSION**

The defendant seeks to suppress both the evidence seized and the subsequent statement on the grounds that Goldaisch did not have probable cause or reasonable suspicion to stop the defendant. It is well settled in this circuit that under *Terry v. Ohio,* police officers may conduct a brief investigatory stop of a suspect if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed. 392 U.S. 1, 30 (1968); *United States v. Wimbush,* 337 F.3d 947, 949 (7th Cir. 2003). "Reasonable suspicion" must be based on some objective basis that the suspect is involved in criminal activity. *Wimbush,* 337 F.3d at 949. "The likelihood of criminal activity need not rise to probable cause and falls well short of a preponderance of the evidence standard." *United States v. Amaral-Estrada*, 509 F.3d 820, 827 (7th Cir. 2008) (*quoting Wimbush*, 337 F.3d at 949-50) (*see United States v. Arvizu,* 534 U.S. 266, 274 (2002)). "Courts examine the reasonableness of a stop based on the totality of the circumstances known to the officer at the time of the stop." 509 F.3d at 827; *Wimbush*, 337 F.3d at 950; *United States v. Jackson,* 300 F.3d 740, 745-46 (7th Cir. 2002). Probable cause to make an arrest exists where the "facts and circumstances within the officer's knowledge are sufficient to warrant a prudent man's belief that the suspect has committed or was committing an offense." 509 F.3d at 827; *Beck v. Ohio,* 379 U.S. 89, 91 (7th Cir. 2005).

Here, Goldaisch had sufficient grounds to conduct a brief detention and stop of the defendant. The defendant was in an area known for illegal drug activity, and Goldaisch observed the defendant act in a manner that was consistent with drug activity, i.e. throwing down

3

an item when in the presence of law enforcement.  Although the thrown-down item was not located, this does not minimize the reasonable suspicion, given the totality of the circumstances, that gave rise to probable cause to briefly detain the defendant.

Having been properly detained, the defendant voluntarily acknowledged having a firearm, which gave Goldaisch more than sufficient grounds for a safety pat-down of the defendant, and the seizure of the gun as evidence. It further gave rise to the defendant's arrest and subsequent interview.

In light of these findings, the Court finds no basis exists for suppressing the evidence or statements in this case.  Defendant's motion to suppress is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED:  February 4, 2008.**

                                      **s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**